CHARLES E. STEPHAN, PLAINTIFF-APPELLEE. v. PAR-
THENIA E. SMITH, DEFENDANT-APPELLANT.

Submitted October 4, 1938—Decided January 7, 1939.

Before Justices TRENCHARD, PARKER and PERSKIE.

For the defendant-appellant, *William J. Straub* (*Stanley
U. Phares,* of counsel).

For the plaintiff-appellee, *Reuben P. Goldstein.*

The opinion of the court was delivered by

TRENCHARD, J. Parthenia E. Smith, the defendant below
and appellant here, was the owner of an apartment house
occupied by several tenants, in which she had reserved the
control of the stairways for the common use of the tenants.
The plaintiff below was one of such tenants. In attempting

to descend from the second to the first floor, he caught his heel on the defective nosing of such common stairway and fell down the stairs and sustained the injury for which this suit was brought. The trial judge, sitting without a jury, rendered judgment for the plaintiff.

Upon an examination of the alleged grounds of appeal, in the light of the state of the case as settled by the trial judge, we find that the only ground available to the defendant on this appeal was the refusal to nonsuit, which motion was based on the ground that the plaintiff failed to prove a cause of action in that he "failed to establish notice of the alleged defect as required by law."

We think that the motion was properly denied.

A landlord who has reserved control over a portion of his property for the common use of several tenants owes to them the duty to use reasonable care to see that such reserved portion is maintained in reasonably safe condition. *Charney* v. *Cohen,* 94 *N. J. L.* 381; *affirmed, 95 Id.* 538; *Battschinger* v. *Robinson,* 83 *Id.* 739; *Johnson* v. *Eagle Brewing Co.,* 75 *Id.* 282; *Siggins* v. *McGill,* 72 *Id.* 263.

Incidentally, it appears in the present case that the defect that caused plaintiff's injury was the result of defective work in a repair job, done one week before the accident, by the landlord or her agents.

As to this phase of the case the general rule is that where, as here, a landlord has a duty to make repairs to a stairway upon demised premises, and undertakes to do so, he is liable for injuries resulting from the negligence of himself or his servants in making such repairs, since the duty of making such repairs is a personal one. *Rizzi* v. *Ross,* 117 *N. J. L.* 362; *Hussey* v. *Long Dock Railroad Co.,* 100 *Id.* 384.

We come now to the point made by the defendant landlord in her motion to nonsuit, namely, that she had no notice of the defect.

The trial judge found that she had such notice and we think properly.

The state of the case, as settled by the judge, discloses that from the evidence it was open to the trial judge, sitting with-

out a jury, to find that the defendant had both constructive and actual notice of the defect.

On the question of constructive notice, the proof disclosed, and it is conceded, that the defective condition complained of had existed for approximately one week after installation of the repair job, and that the stairway so defectively repaired, had been in use uninterruptedly by the tenants in the apartment house during that time, and it was open to the judge, sitting without a jury, to find that, had the defendant performed the duty imposed upon her by law to make a reasonable inspection of the common stairway, she would have discovered the defective condition. The finding that the condition existed for one week and could, in the exercise of reasonable care, have been discovered upon examination, justifies a finding of negligence of the landlord. *Battschinger* v. *Robinson, supra; Buda* v. *Dzuretzko,* 87 *N. J. L.* 34. But that is not all. The evidence also tended to show that in legal effect the landlord had actual notice of the dangerous condition as well. The laying out of the stair covering in the negligent manner in which it was done by a third person on behalf of the landlord, was, in contemplation of law, the same as if done by the landlord personally. *Hussey* v. *Long Dock Railroad Co., supra; Rizzi* v. *Ross, supra.*

Therefore, it was open to the trial judge, sitting without a jury, to find that the landlord failed in her duty to the tenant. The evidence tended to show that the covering and nosing over the common stairway was installed in such a manner as to create a dangerous condition. In law, she created it and therefore cannot be relieved from the consequences thereof by merely saying that she had no knowledge of the condition.

The motion to nonsuit accordingly was properly denied, and the judgment will be affirmed, with costs.